George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff George Race*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| George Race,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Resurgent, Capital Services, LP dba Capital Portfolio Services, LLC, dba Capital Portfolio Group, LLC, and Northeast Capital, LLC,<br><br>　　　　　　Defendants. | Case No.: 2:24-cv-02286<br><br>**Complaint for Damages and Injunctive Relief**<br><br>**Jury Trial Demanded** |

1

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. George Race ("Plaintiff"), by and through counsel, brings this action for damages resulting from the unlawful actions of Resurgent, Capital Services, LP dba Capital Portfolio Services, LLC, dba Capital Portfolio Group, LLC ("Resurgent") and Northeast Capital, LLC ("Northeast") or ("Defendants") with regard to continuously contacting Plaintiff and his family on their cellphones with unlawful attempts to collect debt, causing harm to Plaintiff and his family.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## Jurisdiction and venue

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

9. This action arises out of Defendants' violations of the FDCPA and the TCPA.

10. Defendants are subject to personal jurisdiction in Nevada, as they are registered with the Nevada Secretary of State and conduct business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

11. Venue is proper pursuant to 28 U.S.C. §1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

12. Plaintiff is a natural person who resides in Clark County, Nevada.

13. Defendants are corporations doing business in the State of Nevada.

14. Plaintiff's is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

15. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39.

16. Defendants are companies that offer debt collection services and are "persons," as defined by 47 U.S.C. § 153(39).

17. Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and are debt collectors as defined by 15 U.S.C. §1692a(6).

18. Plaintiff is informed and believes, and thereon alleges, that Defendants are the owners (or frequent users) of one or more of the telephone numbers used by

3

Defendants to make telephone calls to Plaintiff and his family in violation of the TCPA.

19. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## Factual allegations

20. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

21. Plaintiff is alleged to have owed a debt (the "debt").

22. The debt was incurred primarily for personal, family or household purposes and is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

23. Sometime thereafter, Defendants were assigned the right to collect on the debt.

24. In February 2023, Plaintiff and his family began receiving calls from Defendants attempting to collect on the debt.

25. Plaintiff informed Defendants that he does not have an account with Defendants or the original creditor and he does not know what debt Defendants are referring to.

26. Despite Plaintiff informing Defendants that he does not have an account with them or the original creditor, that he does not owe the alleged debt, and demanding that they stop contacting him and his family to collect on the debt, Defendants continued to call and leave voicemails on Plaintiff's and his family's phones attempting to collect on the debt.

27. Plaintiff has never had an account with Defendants or the original creditor.

28. Defendants have failed to provide any details on the alleged debt owed but continue to call and harass Plaintiff, and his family in their attempts to collect on the debt.

29. In addition, the Statute of Limitations for Defendants or the original creditor to collect on the debt has already passed.

30. As such, Defendants are attempting to collect an amount that they are not entitled to.

31. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

32. Plaintiff has requested multiple times that Defendants stop contacting him and his family but the calls and messages continue.

33. Without any prior express consent from Plaintiff, Defendants are repeatedly calling and leaving messages on Plaintiff's and his family's phones.

34. Upon information and belief, Defendants are placing these calls using an automatic telephone dialing system ("ATDS") or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

35. These telephone calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

36. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. Upon information and belief, the ATDS used by Defendants also has the capacity to, and does, dial telephone numbers stored as a list or in a database with little or without any human intervention.

38. Defendants' calls are placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

39. The telephone calls are unwanted by Plaintiff and Plaintiff repeatedly asked that

the calls cease.

40. Defendants do not have prior express written consent to place the telephone calls to Plaintiff and his family.

41. Through Defendants' conduct, Plaintiff and his family suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

42. Plaintiff and his family were personally affected by Defendants' aforementioned conduct because Plaintiff and his family were frustrated and distressed that Defendants repeatedly interrupted Plaintiff and his family with unwanted calls using an ATDS.

43. Defendants' calls forced Plaintiff and his family to live without the utility of their phones by occupying their cellular telephones with unwanted calls, causing a nuisance and lost time.

44. Defendants' calls to Plaintiff and his family's cellular telephone were unsolicited by Plaintiff and his family without Plaintiff and his family's permission or consent.

45. Plaintiff is informed and believes and thereupon alleges, that the calls were made by Defendants and/or Defendants' agent(s), with Defendants' permission, knowledge, control and for Defendants' benefit.

46. Through the aforementioned conduct, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

### Plaintiff's damages

47. Plaintiff and his family suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff and his family were forced to spend time disputing Defendants' collection efforts and incurred out-of-pocket costs in their repeated attempts to dispute Defendants' actions. Plaintiff and his family further suffered humiliation and embarrassment when Defendants refused to comply with the TCPA and FDCPA and when Plaintiff and his family

6

needed to seek the help of others, including friends, family, and an attorney, because Plaintiff and his family felt helpless against Defendants.

48. In addition, Defendants' violations also caused Plaintiff and his family to suffer a real and concrete harm because when Defendants called Plaintiff and his family, Plaintiff and his family's time was wasted on phone calls with Defendants when Defendants had no right to contact Plaintiff and his family.

49. Further, Defendants consumed and wasted Plaintiff and his family's cellphone battery life. Plaintiff and his family also suffered from frustration and annoyance from Defendants' pre-recorded voice messages which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## Count One
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

51. Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants unlawfully communicated with Plaintiff and his family to collect a debt when Defendants knew that Plaintiff disputed the debt and demanded that Defendants cease communication with Plaintiff and his family.

52. Defendants' conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

7

53. Defendants' conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.
54. Defendants' conduct violated § 1692e(10) in that Defendants employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff and his family.
55. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt against Plaintiff and his family.
56. Defendants' conduct violated 15 U.S.C. § 1692f(l) in that Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.
57. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.
58. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## Count Two
## Negligent Violations of the TCPA
## 47 .S.C. § 227, *et seq.*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
60. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.
61. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

8

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Count Three
## Knowing and/or Willful Violations of the TCPA
## 47 .S.C. § 227, *et seq.*

63. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

65. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Prayer for relief

67. Wherefore, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:
    - An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
    - An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
    - Award statutory damages of $500.00 for each and every negligent violation of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(B);
    - Award statutory damages of $1,500.00 for each and every knowing and/or willful violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. §227(b)(3)(C);
    - Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. §227(b)(3)(A);

9

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Interest on all amounts awarded; and
- Any other relief that this Court deems just and proper.

### Jury Demand

68. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 10, 2024.

Respectfully submitted,

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
*Counsel for Plaintiff George Race*