LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Telephone: (702) 804-0706
E-Mail:   *lfink@springelfink.com*

Attorneys for Defendant,
*RESURGENT CAPITAL SERVICES, L.P.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE RACE,<br><br>                    Plaintiff,<br><br>vs.<br><br>RESURGENT, CAPITAL SERVICES, LP DBA CAPITAL PORTFOLIO SERVICES, LLC, DBA CAPITAL PORTFOLIO GROUP, LLC, AND NORTHEAST CAPITAL, LLC,<br><br>                    Defendants. | Case No.: 2:24-cv-02286-JCM-DJA<br><br>**DEFENDANT RESURGENT CAPITAL SERVICES, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant RESURGENT CAPITAL SERVICES L.P. ("Defendant"), by and through its undersigned counsel, for itself and for no other party, hereby answers the Complaint of Plaintiff, GEORGE RACE ("Plaintiff"), responding to the correspondingly numbered paragraphs thereof.

### Introduction[1]

1. Answering Paragraph 1, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

2. Answering Paragraph 2, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

///

---

[1] The Complaint's headings are repeated herein for organizational purposes only but should be considered denied.

3. Answering Paragraph 3, Defendant admits only that Plaintiff's Complaint purports to bring claims against Defendant. Defendant denies that it violated any law, and denies any express or implied allegation of wrongdoing or any unlawful activity in this matter. Defendant further denies that it does business as "Capital Portfolio Services, LLC" or as "Capital Portfolio Group, LLC."

4. Answering Paragraph 4, the allegations do not pertain to Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5, Defendant denies that it violated any law, and denies any express or implied allegation of wrongdoing or any unlawful activity in this matter.

6. Answering Paragraph 6, Defendant denies that the Complaint describes conduct undertaken by Defendant. To the extent the Paragraph contains further allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

7. Answering Paragraph 7, Defendant denies the allegations.

**Jurisdiction and Venue**

8. Answering Paragraph 8, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

9. Answering Paragraph 9, Defendant denies that it violated the FDCPA, the TCPA, or any other law.

10. Answering Paragraph 10, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant states that it is registered with the Nevada Secretary of State.

11. Answering Paragraph 11, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent they misstate the law.

///

///

///

**Parties**

12. Answering Paragraph 12, the allegations do not pertain to Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

13. Answering Paragraph 13, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant states that it is registered with the Nevada Secretary of State. Defendant denies that it is a corporation. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

14. Answering Paragraph 14, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

15. Answering Paragraph 15, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

16. Answering Paragraph 16, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant states that, at times, it provides debt collection services in connection with its role as the master servicer for certain debt-holding entities. Defendant also denies the allegations to the extent they misstate the law.

17. Answering Paragraph 17, Defendant admits that, at times, it provides debt collection services in connection with its role as the master servicer for certain debt-holding entities. The remaining allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

18. Answering Paragraph 18, Defendant denies the allegations.

19. Answering Paragraph 19, Defendant states that it answers the Complaint solely on its own behalf, and not on behalf of any of its "agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, [or] insurers."

**Factual Allegations**

20. Answering Paragraph 20, the allegations do not pertain to Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

21. Answering Paragraph 21, Defendant admits only that Plaintiff owed a debt to LVNV Funding, LLC.

22. Answering Paragraph 22, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. Defendant also denies the allegations to the extent they misstate the law.

23. Answering Paragraph 23, Defendant admits only that Plaintiff owed a debt to LVNV Funding, LLC, and that Defendant is LVNV Funding, LLC's master servicer.

24. Answering Paragraph 24, Defendant denies the allegations as they pertain to Defendant.

25. Answering Paragraph 25, Defendant denies the allegations as they pertain to Defendant.

26. Answering Paragraph 26, Defendant denies the allegations as they pertain to Defendant.

27. Answering Paragraph 27, Defendant admits only that Plaintiff does not have an account with Defendant, but further states that Plaintiff has an account with LVNV Funding, LLC, and that Defendant is LVNV Funding, LLC's master servicer.

28. Answering Paragraph 28, Defendant denies the allegations as they pertain to Defendant.

29. Answering Paragraph 29, the allegations consist of legal conclusions to which no response is required. Defendant also denies the allegations to the extent they misstate the law.

30. Answering Paragraph 30, Defendant denies the allegations as they pertain to Defendant.

31. Answering Paragraph 31, Defendant states that the quoted statute speaks for itself.

32. Answering Paragraph 32, Defendant denies the allegations as they pertain to Defendant.

33. Answering Paragraph 33, Defendant denies the allegations as they pertain to Defendant.

34. Answering Paragraph 34, Defendant denies the allegations as they pertain to Defendant.

35. Answering Paragraph 35, Defendant denies the allegations as they pertain to Defendant.

36. Answering Paragraph 36, Defendant denies the allegations as they pertain to Defendant.

37. Answering Paragraph 37, Defendant denies the allegations as they pertain to Defendant.

38. Answering Paragraph 38, Defendant denies the allegations as they pertain to Defendant.

39. Answering Paragraph 39, Defendant denies the allegations as they pertain to Defendant.

///

40. Answering Paragraph 40, Defendant denies that it made any of the telephone calls alleged in the Complaint.

41. Answering Paragraph 41, Defendant denies the allegations as they pertain to Defendant.

42. Answering Paragraph 42, Defendant denies the allegations as they pertain to Defendant.

43. Answering Paragraph 43, Defendant denies the allegations as they pertain to Defendant.

44. Answering Paragraph 44, Defendant denies the allegations as they pertain to Defendant.

45. Answering Paragraph 45, Defendant denies the allegations as they pertain to Defendant.

46. Answering Paragraph 46, Defendant denies the allegations as they pertain to Defendant.

**Plaintiff's Damages**

47. Answering Paragraph 47, Defendant denies the allegations as they pertain to Defendant.

48. Answering Paragraph 48, Defendant denies the allegations as they pertain to Defendant.

49. Answering Paragraph 49, Defendant denies the allegations as they pertain to Defendant.

**Count One**

**Violations of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692 et seq.**

50. Answering Paragraph 50, Defendant incorporates by reference all preceding answering paragraphs as if fully set forth herein.

51. Answering Paragraph 51, Defendant denies the allegations as they pertain to Defendant.

52. Answering Paragraph 52, Defendant denies the allegations as they pertain to Defendant.

53. Answering Paragraph 53, Defendant denies the allegations as they pertain to Defendant.

54. Answering Paragraph 54, Defendant denies the allegations as they pertain to Defendant.

55. Answering Paragraph 55, Defendant denies the allegations as they pertain to Defendant.

56. Answering Paragraph 56, Defendant denies the allegations as they pertain to Defendant.

57. Answering Paragraph 57, Defendant denies the allegations as they pertain to Defendant.

58. Answering Paragraph 58, Defendant denies the allegations as they pertain to Defendant, and denies that Plaintiff is entitled to any relief described or to any remedy whatsoever against Defendant.

///

///

## Count Two

## Negligent Violations of the TCPA

### 47 [U].S.C. § 227, *et seq.*

59. Answering Paragraph 59, Defendant incorporates by reference all preceding answering paragraphs as if fully set forth herein.

60. Answering Paragraph 60, Defendant denies the allegations as they pertain to Defendant.

61. Answering Paragraph 61, Defendant denies the allegations as they pertain to Defendant.

62. Answering Paragraph 62, Defendant denies the allegations as they pertain to Defendant, and denies that Plaintiff is entitled to any relief described or to any remedy whatsoever against Defendant.

## Count Two

## Knowing and/or Willful Violations of the TCPA

### 47 [U].S.C. § 227, *et seq.*

63. Answering Paragraph 63, Defendant incorporates by reference all preceding answering paragraphs as if fully set forth herein.

64. Answering Paragraph 64, Defendant denies the allegations as they pertain to Defendant.

65. Answering Paragraph 65, Defendant denies the allegations as they pertain to Defendant.

66. Answering Paragraph 66, Defendant denies the allegations as they pertain to Defendant, and denies that Plaintiff is entitled to any relief described or to any remedy whatsoever against Defendant.

## Prayer for Relief

67. Answering Paragraph 67, and each of its sub-paragraphs, Defendant denies that Plaintiff is entitled to any relief described or to any remedy whatsoever against Defendant.

## Jury Demand

68. Answering Paragraph 68, Defendant admits that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant reserves the right to compel contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, res judicata, waiver, unclean hands, laches, or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant's conduct was privileged or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's is barred, in whole or in part, from maintaining the alleged claims because he provided "prior express consent" within the meaning of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A), for all calls, if any, that were allegedly placed to his cell phone number(s) by any alleged automatic telephone dialing system.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

11. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

12. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff did not suffer concrete harm and thus does not have Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) (Article III standing requires a concrete injury even in the context of a statutory violation).

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because Defendant denies any willful or knowing violation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff is barred from recovery because Plaintiff was not charged for any calls allegedly placed to a cell phone number.

**RESERVATION OF RIGHTS**

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by way of the Complaint;
2. That the Complaint and all purported claims alleged therein be dismissed with prejudice;
3. That judgment be entered in favor of Defendant and against Plaintiff;
4. That Defendant be awarded the costs of suit;
5. That Defendant be awarded its attorneys' fees incurred herein to the extent allowed by law or contract; and

-9-

6.    That the Court awards Defendant such other and further relief as the Court may deem just and proper.

DATED this 24th day of January, 2025    SPRINGEL & FINK LLP

*/s/ Leonard T. Fink*
By: _____
LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148

Attorneys for Defendant,
*RESURGENT CAPITAL SERVICES, L.P.*

**CERTIFICATE OF SERVICE**
**George Race v. Resurgent, Capital Services, LP, et al.**
**U.S.D.C. Case No.: 2:24-cv-02286-JCM-DJA**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

I, Ella Wilczynski, declare:

I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

On **January 24, 2025**, I served the document described as ***Defendant Resurgent Capital Services, L.P.'s Answer to Plaintiff's Complaint*** on the following parties:

| | |
|---|---|
| ☒ | VIA ELECTRONIC SERVICE: by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule26(a)(1). The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court. |
| ☐ | VIA U.S. MAIL: by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. |
| ☐ | VIA FACSIMILE: by transmitting to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number at last given by that person on any document which he/she has filed in the cause and served on the party making the service. The copy of the document served by facsimile transmission bears a notation of the date and place of transmission and the facsimile telephone number to which transmitted. A confirmation of the transmission containing the facsimile telephone numbers to which the document(s) was/were transmitted will be maintained with the document(s) served. |

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Ella Wilczynski*
_____
An employee of Springel & Fink LLP